# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE: DARCEL MAZON,

      Petitioner,

Miscellaneous Case No. 19-50273

HON. DENISE PAGE HOOD

_____/

## ORDER DISMISSING MISCELLANEOUS CASE

On February 22, 2019, Darcel Mazon filed an "Affidavit of Truth" before this Court, which was assigned a miscellaneous case number. No filing fee was paid by Darcel Mazon.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 F. App'x 356, 357 (6th Cir. Jun. 26, 2008). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). However, *pro se* litigants are not excused from failing to follow basic procedural requirements. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

Darcel Mazon's "Affidavit of Truth" fails to state a claim upon which relief may be granted. The Affidavit does not assert any claim against any party, nor seek any action by the Court. The Affidavit merely puts the courts, the government and other parties on notice that Mazon is not subject "to any entity anywhere."

Accordingly,

IT IS ORDERED that this miscellaneous case is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. This case is designated as CLOSED on the Court's docket.

s/Denise Page Hood
Denise Page Hood
Chief United States District Judge

Dated: April 26, 2019